528　　　　　January 31, 2024　　　　　No. 67

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. J. O.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. O.
and Y. E.,
*Appellants.*

Washington County Circuit Court
22JU04737; A181604 (Control)

In the Matter of O. O.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. O.
and Y. E.,
*Appellants.*

Washington County Circuit Court
22JU04738; A181605

Thomas A. Goldman, Judge pro tem.

Submitted November 30, 2023.

Kristen G. Williams filed the brief for appellant C. O.

Shannon Storey, Chief Defender, Juvenile Appellate
Section, and Holly Telerant, Deputy Public Defender, Office
of Public Defense Services, filed the brief for appellant Y. E.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

In these consolidated dependency cases, mother and father challenge juvenile court judgments that established dependency jurisdiction over their two children, O and A.[1] The juvenile court took jurisdiction over the children pursuant ORS 419B.100(1)(c), having determined that the children's conditions or circumstances endangered their welfare. On appeal, parents assert that the evidence failed to support the jurisdictional determinations as to O and A. However, we conclude that evidence in the record is legally sufficient to support the juvenile court's determination. Accordingly, we affirm.

"To establish a basis for juvenile court jurisdiction for purposes of ORS 419B.100(1)(c), the state must prove, by a preponderance of the evidence, ORS 419B.310(3), that a child's welfare is endangered because, under the totality of the circumstances, there is a current threat of serious loss or injury to the child that is reasonably likely to be realized." *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 19, 383 P3d 931 (2016) (internal quotation marks and citations omitted). Additionally, "[t]here must be a nexus between the parent's conduct or condition and harm to the child" and "[t]he threat of serious harm to the child cannot be speculative." *Id.* at 19-20.

Here, the juvenile court took jurisdiction after determining that the children's conditions or circumstances endangered their welfare. The evidence in the record supports that determination. DHS removed the children from parents' care because A was severely malnourished. A's condition was described to parents by medical providers as life-threatening. Parents received medical advice to take A in an ambulance to the hospital, allow her to be admitted to the hospital, and feed her formula, all of which they ignored. Further, both children have ongoing medical needs that require treatment, such as speech therapy, occupational therapy, and physical therapy. However, father does not believe

---

[1] Mother and father have a separate pending consolidated appeal, *Dept. of Human Services v. C. O.*, Case No. A182040, in which they contest judgments asserting jurisdiction over O and A on additional bases. That appeal is not before us now, and we do not address it in this opinion.

that any ongoing services are necessary and described them at trial as "complete uselessness." Additionally, there is evidence showing that father has significant anger and impulse control issues that impact his ability to safely parent. Mother deferred to father to make decisions, even when those decisions placed the children at risk of serious harm.

Thus, taken together, the evidence shows that at the time of trial, the children were likely to suffer harm in parents' care. The record supports the juvenile court's decision to take jurisdiction.

Affirmed.